UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN L. HANSEN                                                                              PLAINTIFF

v.                              CASE NO. 4:10cv00186 BSM

SHERI MARBRY, et al.                                                                    DEFENDANTS

## ORDER

Plaintiff, John L. Hansen ("Hansen") requests that he be allowed to proceed *in forma pauperis*. [Doc. No. 1]. Due to his current financial position, Hansen is not likely to be able to pay a filing fee. The motion to proceed *in forma pauperis* is therefore granted. For the reasons set out below, however, the complaint is dismissed.

28 U.S.C. § 1915(e)(2)(B) provides "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . the action or appeal – is frivolous or malicious . . . " "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Johnson v. Bi-State Justice Ctr./Ark. Dep't of Corrections*, 12 F.3d 133, 135 (8th Cir. 1993) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). A complaint may be dismissed before service of process and without leave to amend. *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998). Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The facts of the complaint surround property located at 205 Kelso Road, Jacksonville, Arkansas 72076. Hansen took out a mortgage on the property. The current holder of the mortgage is Wells Fargo Bank N.A. ("Wells Fargo"). *See* Complaint, Ex. B. In July of 2009 Hansen began inquiring as to the payoff amount. *Id*. As of July 15, 2009, the payoff was $25,538.03. *Id*. From Hansen's pleadings, it appears that he attempted to pay off the mortgage with something other than legal tender. Complaint, Ex. G. Wells Fargo informed Hansen that the item he submitted for payment would not be accepted. *Id*. Wells Fargo subsequently began non-judicial foreclosure proceedings. Complaint, p.32 ¶ 2.

Hansen brings his suit against Wells Fargo; Sheri Marbry, the vice president for accounts payable at Wells Fargo; Peter J. Wissinger, chief financial officer for Wells Fargo, Michael J. Heid, president of Wells Fargo; Sheri Smith, written customer contact at Wells Fargo; Hillcrest Mortgage Company; Chase Home Finance; Iberia Bank Mortgage Company; United Abstract and Title; Fannie Mae; Freddie Mac; and the Veterans Administration. In his complaint, Hansen asserts that he has paid off the mortgage in full. Complaint, p.8 ¶ 14. Further, Wells Fargo cannot be the creditor because it never risked any assets and does not currently hold any asserts. Complaint, p.5 ¶ 5. In fact, Hansen is the creditor and Wells Fargo is the debtor. Complaint, p.7 ¶¶ 1-2. Additionally, Hansen asserts that Wells Fargo perpetrated a fraud by destroying the "genuine" original note in order to create a new fraudulent note. Complaint, p.7 ¶ 9. Hansen demands that defendants return to him all funds paid on the mortgage from

October 1990 through 2009, including maintenance, the security called a

> promissory note or equal value where Affiant paid monthly payments, plus all late fees and interest fraudulently charged, and $75.00 per hour for all time spent on all letters to Peter Wissinger, Et al. personnel and "Acceptance for Value" paperwork through February 1, 2010.

Complaint, Ex. W. He also seeks punitive damages. *Id.* According to Hansen, the total amount owed him is $473,666,660.00. Complaint, Ex. W. Throughout the complaint, Hansen asserts that defendants violated various laws of the United States, including the Truth in Lending Act, the Fair Debt Collections Practices Act, and the False Claims Act.

After thorough review of Hansen's complaint, it is found that the complaint is factually frivolous. Accordingly, Hansen's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is not to issue process or cause process to issue on this complaint.

IT IS SO ORDERED this 1st day of April, 2010.

                                                                      UNITED STATES DISTRICT JUDGE